# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA CERVANTES,<br><br>       Plaintiff,<br><br>      v.<br><br>ASJS INVESTMENTS, LLC, et al.,<br><br>       Defendants. | Case No. 1:18-cv-00001-LJO-SAB<br><br>ORDER IMPOSING MONETARY SANCTION ON CATHERINE M. CORFEE FOR FAILURE TO COMPLY WITH COURT ORDERS |

## I.

## PROCEDURAL HISTORY

Plaintiff Aurora Cervantes filed this action alleging violations of the Americans With Disabilities Act and state law on December 29, 2017.  On January 2, 2018, summonses issued and the order issued setting the mandatory scheduling conference in this action for April 2, 2018.  On February 2, 2018, Plaintiff filed notices of proof of service of the complaint against all defendants.  Defendants Narinderpal Singh and Nishan Singh filed an answer on February 16, 2018.

On March 27, 2018, the parties filed a joint status report.  Approximately thirty minutes prior to the April 2, 2018 hearing, the courtroom deputy reached out to Catherine Corfee, counsel for Defendants, and provided her with the telephone number and passcode to appear telephonically at the scheduling conference.  Counsel Daniel Malakauskas appeared telephonically for Plaintiff; however, counsel for Defendants did not appear at the April 2, 2018 hearing.

On April 2, 2018, the Court ordered Catherine M. Corfee to show cause in writing within

three days from the date of entry of the order why monetary sanctions should not be imposed for the failure to appear at the mandatory scheduling conference. Catherine M. Corfee did not file a response to the Court's April 2, 2018 order to show cause. On April 4, 2018, Plaintiff filed a notice of settlement and an order issued requiring dispositional documents to be filed within sixty days of April 5, 2018.

On April 6, 2018, Catherine Corfee was ordered to personally appear on April 12, 2018, to show cause why sanctions should not issue for her failure to appear at the mandatory scheduling conference and failure to respond to the April 2, 2018 order to show cause. On April 6, 2018, Defendants filed a response to the order to show cause and Catherine Corfee filed a declaration in which she requested a continuance of the order to show cause hearing. On April 9, 2018, an order was filed continuing the order to show cause hearing to April 17, 2018.

On April 16, 2018, Catherine Corfee filed a second request for a continuance of the order to show cause hearing. Counsel did not appear on April 17, 2018 and an order issued continuing the order to show cause hearing to May 9, 2018.

On May 9, 2018, Catherine Corfee appeared at the show cause hearing.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In

order to coerce a party to comply with the court's orders, the court may issue sanctions for every day the party fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a).

**III.**

**DISCUSSION**

Here, counsel failed to appear for the mandatory scheduling conference despite being contacted by the courtroom deputy approximately one half hour prior to the time to appear. Further counsel did not respond to the order to show cause that issued after her failure to appear. It was only after an order issued requiring counsel's personal appearance that a response was filed.

Counsel responded that she failed to appear for the mandatory scheduling conference because the alarm on her computer was inadvertently disabled by an IT person who remotely accessed her computer that morning. At the order to show cause hearing, counsel stated that her clock was off and she called eleven minutes later. Counsel stated that she called five to ten minutes late, however, the Court waited on the line over five minutes for counsel to appear and she did not appear during that time. At the order to show cause hearing, counsel stated that her clock was off and she called eleven minutes later.

1    In her request to continue the original order to show cause hearing, counsel stated that the

2  deadline to file a response to the order to show cause not calendared by a staff person.  However,

3  counsel acknowledged that it was her responsibility to ensure that it was done.

4    Finally, although the hearing on April 17, 2018, was not vacated or continued, Ms. Corfee

5  did not appear.  While the Court understands that Ms. Corfee suffered an injury and she obtained

6  a doctor's note, the note states that she had limited ability to drive due to the medications that she

7  was taking.  However, she could have arranged for transportation or taken a bus or the train to

8  attend the hearing.

9    The Court finds that monetary sanctions are appropriate to address the failure to comply

10  with the Court's orders.

11                                        **IV.**

12                            **CONCLUSION AND ORDER**

13    Based on the foregoing, IT IS HEREBY ORDERED that:

14    1.    Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 184, and

15          the Court's inherent authority, monetary sanctions of $200.00 are imposed against

16          Catherine M. Corfee for her failure to comply with orders of this Court;

17    2.    Catherine M. Corfee shall pay the amount of $200.00 to the Clerk of the United

18          States District Court, Eastern District of California, no later than May 16, 2018;

19    3.    Catherine M. Corfee shall file a proof of payment within five (5) days of payment

20          of the sanction; and

21    4.    Failure to comply with this order may result in the issuance of further sanctions.

22

23  IT IS SO ORDERED.

24  Dated:  __**May 9, 2018**__                    _____

25                                        UNITED STATES MAGISTRATE JUDGE

26

27

28

4