# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA CERVANTES,<br><br>    Plaintiff,<br><br>v.<br><br>ASJS INVESTMENTS, LLC, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00001-LJO-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH APRIL 5, 2018 ORDER<br><br>(ECF No. 13)<br><br>FIVE DAY DEADLINE |

On December 29, 2017, Plaintiff Aurora Cervantes filed this action alleging violations of the Americans with Disabilities Act of 1990 and state law. (ECF No. 1.) On April 4, 2018, Plaintiff filed a notice of settlement and an order issued requiring Plaintiff to file dispositional documents within sixty days. (ECF Nos. 12, 13.) More than sixty days have passed and Plaintiff has not filed dispositional documents or otherwise responded to the Court's order.

In Hopson v. Ron Simi, Inc., the undersigned discussed Mr. Malakauskas's office's issues with scheduling court deadlines. See Hopson v. Ron Simi, Inc., et al., 1:17-cv-00879-DAD-SAB, ECF No. 14 (E.D. Cal. Nov. 28, 2017). Counsel was advised that "the Court will exercise its discretion and place requirements on counsel in all future cases that after each order of this Court he will be required to file formal acknowledgement of the order and an attestation that he has calendared any dates related to that order." Hopson, 1:17-cv-00879-DAD-SAB, ECF No. 14.

The Court notes that this is not the first time, that Plaintiff's counsel has failed to comply with court orders; and it has recently become a more frequent occurrence. See Hopson v. Ron Simi, Inc., 1:17-cv-00879-DAD-SAB (E.D. Cal.) (orders to show cause issued on September 20, 2017;

1

November 16, 2017; and November 22, 2017); Hopson v. American Tire Depot, Inc., 1:17-cv-00880-LJO-SAB (E.D. Cal.) (orders to show cause issued on September 20, 2017; and November 16, 2017); Hopson v. Nove Plaza, No. 1:17-cv-01746-AWI-SAB (E.D. Cal.) (order to show cause issued April 20, 2018); Hopson v. Valhalla Property Holdings LLC, 1:16-cv-01798-AWI-SAB (E.D. Cal.) (order to show cause issued October 4, 2017); Hopson v. Kaur, 1:15-cv-01477-SAB (E.D. Cal.) (order to show cause issued April 8 2016); Hopson v. Montanez, 1:15-cv-00803-SAB (E.D. Cal.) (order to show cause issued December 7, 2016); Cervantes v. Bilson's Sport Shop, Inc., 1:14-cv-00157-SAB (E.D. Cal.) (order to show cause issued December 15, 2015).

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS that:

1. PLAINTIFF SHALL SHOW CAUSE within **five (5) days** of the date of entry of this order why monetary sanctions should not issue for the failure to comply with the April 5, 2018 order;

2. Within twenty-four hours of the date of entry of this order, Mr. Malakauskas shall file an acknowledgement of this order and an attestation that he has calendared the deadline to respond to this order to show cause; and

3. **Plaintiff is forewarned that the failure to show cause will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated: **June 13, 2018**

_____
UNITED STATES MAGISTRATE JUDGE

2