# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA CERVANTES, | Case No. 1:18-cv-00001-LJO-SAB |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND IMPOSING MONETARY SANCTIONS |
| v. | |
| ASJS INVESTMENTS, LLC, et al., | (ECF No. 24, 25) |
| Defendants. | FIVE DAY DEADLINE |

**I.**

**BACKGROUND**

On December 29, 2017, Plaintiff Aurora Cervantes filed this action alleging violations of the Americans with Disabilities Act of 1990 and state law. (ECF No. 1.) On April 4, 2018, Plaintiff filed a notice of settlement and an order issued requiring Plaintiff to file dispositional documents within sixty days. (ECF Nos. 12, 13.) More than sixty days have passed and Plaintiff had not filed dispositional documents or otherwise responded to the Court's order. On June 13, 2018, an order issued requiring Plaintiff to show cause why sanctions should not issue for the failure to comply with the April 4, 2018 order. (ECF No. 24.) On this same date, Plaintiff filed a response to the order to show cause and a stipulation to dismiss this action.[1] (ECF Nos. 25, 26.)

**II.**

---

[1] The stipulation to dismiss will be addressed upon resolution of the sanctions imposed herein.

1

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the court's orders, the court may issue sanctions for every day the defendant fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a).

/ / /

**III.**

2

**DISCUSSION**

In the instant case, Plaintiff did not timely file dispositive documents in compliance with this Court's April 5, 2018 order. As the Court noted in the order to show cause, this is not the first time that Plaintiff's counsel has failed to comply with court orders; and it has recently become a more frequent occurrence. See Hopson v. Ron Simi, Inc., 1:17-cv-00879-DAD-SAB (E.D. Cal.) (orders to show cause issued on September 20, 2017; November 16, 2017; and November 22, 2017); Hopson v. American Tire Depot, Inc., 1:17-cv-00880-LJO-SAB (E.D. Cal.) (orders to show cause issued on September 20, 2017; and November 16, 2017); Hopson v. Nove Plaza, No. 1:17-cv-01746-AWI-SAB (E.D. Cal.) (order to show cause issued April 20, 2018); Hopson v. Valhalla Property Holdings LLC, 1:16-cv-01798-AWI-SAB (E.D. Cal.) (order to show cause issued October 4, 2017); Hopson v. Kaur, 1:15-cv-01477-SAB (E.D. Cal.) (order to show cause issued April 8 2016); Hopson v. Montanez, 1:15-cv-00803-SAB (E.D. Cal.) (order to show cause issued December 7, 2016); Cervantes v. Bilson's Sport Shop, Inc., 1:14-cv-00157-SAB (E.D. Cal.) (order to show cause issued December 15, 2015).

Further, on the same date that the order to show cause issued in this action, the Court also addressed counsel's untimely request for an extension of time to file dispositive documents in another pending action. Hopson v. Village Gas N Mart Inc., 1:17-cv-01758-DAD-SAB, ECF No. 15.

Previously, in Hopson v. Ron Simi, Inc., the undersigned discussed Mr. Malakauskas' office's issues with scheduling court deadlines. See Hopson v. Ron Simi, Inc., et al., 1:17-cv-00879-DAD-SAB, ECF No. 14 (E.D. Cal. Nov. 28, 2017). Counsel was advised that "the Court will exercise its discretion and place requirements on counsel in all future cases that after each order of this Court he will be required to file formal acknowledgement of the order and an attestation that he has calendared any dates related to that order." Hopson, 1:17-cv-00879-DAD-SAB, ECF No. 14.

While the Court has provided counsel with the opportunity to address the issue within his practice which is causing these failures to timely file documents, it is clear that counsel has not resolved the issues which are causing the failure to timely file. The deadline at issue here was June 4, 2018, and, as stated in his declaration, counsel did not realize he had missed the deadline until

June 12, 2018, more than a week after the deadline had passed. (Decl. of Daniel Malakauskas ¶ 24, ECF No. 25.)

In response to the order to show cause, counsel states that he has been involved with another matter which has consumed his time. (Decl. of Daniel Malakauskas at ¶¶ 18-22.) However, the fact that counsel was involved in litigating this other matter does not demonstrate good cause for his failure to either file dispositive documents in this action or request a continuance to do so.

The Court is spending an inordinate amount of time in attempting to manage this and other matters in which Mr. Malakauskas is representing litigants. This has impeded the Court's ability to address other matters demanding the Court's attention causing delay in decision in other pending matters. The Court finds that Mr. Malakauskas' failure to comply is willful and warrants the imposition of monetary sanctions to deter such conduct in the future. Accordingly, the Court finds that a sanction of $100.00 is necessary to address the extent of the failure to comply as set forth in this order and to deter similar conduct by Mr. Malakauskas in the future.

Mr. Malakauskas is advised that, should there be similar failures to comply in the future, increased monetary sanctions shall be imposed to address the failure to resolve the issue which is resulting in the missed deadlines.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The June 13, 2018 order to show cause is discharged;
2. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 184, and the Court's inherent authority, monetary sanctions of $100.00 are imposed against Daniel Malakauskas for his failure to comply with orders of this Court;

///
///
///
///
///

3. Daniel Malakauskas shall pay the amount of $100.00 to the Clerk of the United States District Court, Eastern District of California, no later than June 20, 2018;

4. Daniel Malakauskas shall file a proof of payment within five (5) days of payment of the sanction; and

5. Failure to comply with this order may result in the issuance of further sanctions.

IT IS SO ORDERED.

Dated: __**June 14, 2018**__

UNITED STATES MAGISTRATE JUDGE